Filed 2/19/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE SARMIENTO-ZUNIGA,<br><br>    Defendant and Appellant. | A167817<br><br>(City & County of San Francisco<br>Super. Ct. Nos. CRI22000900,<br>    SCN235118) |

When a trial court imposes a middle term sentence, the court is only required to state, on the record, the facts and reasons for imposing the middle term, pursuant to Penal Code section 1170, subdivisions (b)(1), (b)(5), and (c). Section 1170, subdivisions (a)(3) and (b)(1) do not prescribe any other evidentiary or proof requirements on the imposition of a middle term sentence.

## BACKGROUND

After a jury found Jorge Sarmiento[1] guilty of oral copulation of a person he knew or should have known was intoxicated, in March 2023 the San Francisco Superior Court sentenced him on that count to the middle term of six years in prison. (Pen. Code, §§ 287, subds. (a), (i), 1170, subds.

---

[1] We refer to the defendant as he does while noting the abstract of judgment hyphenates his surname.

1

(a)(3), (b)(1); count III.)[2]  Before the sentencing hearing, the court reviewed the probation officer's report, each side's sentencing memorandum, the victim's impact statement, supporting statements for Sarmiento, and the sentencing judge's notes and "strong memory" of the trial.  At the hearing, after defense counsel waived arraignment and affirmed no cause existed not to impose judgment, the court announced its "tentative" sentence choice, the middle term.

The court then detailed its reasons for tentatively choosing the middle term:  Sarmiento's prior convictions "are pertinent" and "show acts of increasing seriousness . . . in terms of the violence to the intimate partners that were involved."[3]  Although the victim here "willingly consumed" "the intoxicant at issue," "[she] is on video numerous times saying that she does not want any sexual contact from the Defendant."  "[He] deliberately ignored [her] statements again and again . . . , including during the actual act of sex itself.  At the moment of penetration, [she] was saying that she did not want it, and he went forward.  The video is horrifying to watch in many ways."  "[The video shows] the oral copulation was not preparatory or incidental to the vaginal sex . . . .  [I]t shows [him] kissing [her] despite her repeated attempts to get away from him, to tell him not to kiss her, and then he proceeds to orally copulate her even though she tells him to stop multiple times . . . .  Then she's asleep, and he orally copulates her while she's

---

[2] The jury also found Sarmiento guilty of rape of the same person and vandalism of the same person's surveillance camera.  (Pen. Code, §§ 261, subd. (a)(3), 594, subds. (a), (b)(2)(A); counts V, VIII.)  But Sarmiento limits his appeal to the sentence on count III.

[3] It is undisputed the prior convictions evidence was not stipulated to or based on jury findings or certified records but, instead, was limited to testimony and the probation officer's report.

unresponsive. . . ." "This act is worse than some . . . because of the repeated . . . attempts, the verbal and non-verbal signals given repeatedly that [she] did not want . . . any type of sexual contact with the Defendant. At the same time, it is less culpable than some . . . because [she] willingly consumed the intoxicant."

After announcing its tentative sentence choice, the court heard from the victim, Sarmiento, supporting witnesses for Sarmiento, and counsel for each side. Speaking first, the assistant district attorney asked, "[T]he Court said that as part of its sentencing, it is considering . . . the Defendant's crimes have grown in seriousness, [but is the Court also] considering . . . just the fact that he does have a criminal history?" The court confirmed, "Yes, it is part of the calculation." Defense counsel began, "[T]he Defense stands by the arguments [in its sentencing memorandum]," then argued against additional imprisonment, describing Sarmiento's 14 months' actual time served as "sufficient punishment."[4] Defense counsel acknowledged, "Mr. Sarmiento's . . . history seems to be a big factor [in] the Court's determination," but he did not object to or otherwise address the court's consideration of Sarmiento's prior convictions.

Adopting its tentative sentence as its final sentence, the court said: "I [have] considered the additional information provided . . . . [¶] . . . I do find persuasive that members of Mr. Sarmiento's family have come forward to recognize that he was a good, kind, and loving father, son, brother, [and]

---

[4] Earlier, the court commented: "It was not clear . . . what the Defense recommendation was. In the sentencing memo, the Defense noted that Mr. Sarmiento has already spent over a year in county jail and believes that the term he has served is sufficient. However, these charges are not eligible for probation under Penal Code Section 1203.065(a); therefore, the minimum sentence in this case would be a three-year sentence."

uncle, and that he has been a good, loving, kind[, and] supportive partner to women . . . in his romantic life. [¶] At the same time, the conduct in this case, which is captured on videotape, is heinous in the extreme for the reasons I stated earlier. . . . [¶] Given the nature of the crime and the conduct as depicted on the video, [the] midterm sentence . . . is appropriate for the reasons I stated earlier." The court found the evidence did not support the upper term then added: "I do not believe probation is available as a matter of law.[5] Even if it were, I would exercise my discretion to sentence Mr. Sarmiento to state prison for the reasons I stated."

## DISCUSSION

Sarmiento appeals the middle term sentence, arguing it was error to consider his prior convictions without certified records and urging the lower term based on the court's finding the victim willingly consumed the alcohol that caused her intoxication. The People counter (1) the appeal is forfeit, which Sarmiento disputes, because Sarmiento did not object to the sentence in the superior court; (2) regardless, certified records of Sarmiento's prior convictions are unnecessary to support the statutorily presumptive middle term; and (3) none of the statutory circumstances that mandate the lower term applies. We agree the appeal is forfeit, but we exercise our discretion to review and affirm on the merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6.)

### I.   *Sarmiento forfeited appeal of the sentence on count III because he did not object to it in the trial court.*

We independently review the legal question of forfeiture of an appellate claim of error. (*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 476.) A party in a criminal action forfeits appeal of the superior court's

5 See footnote 4, *ante,* page 3.

4

discretionary sentencing choices if the party had a meaningful opportunity to object in the superior court yet did not, unless the sentence is legally unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 351, 353–354, 356; *People v. Tillman* (2000) 22 Cal.4th 300, 302–303.) "[T]he *Scott* rule applies when the trial court 'clearly apprise[s]' the parties 'of the sentence the court intends to impose and the reasons that support any discretionary choices' (*Scott, supra*, 9 Cal.4th at p. 356), and gives the parties a chance to seek 'clarification or change' (*id.* at p. 351) by objecting to errors in the sentence. The parties are given an adequate opportunity to seek such clarifications or changes if, at any time during the sentencing hearing, the . . . court describes the sentence it intends to impose and the reasons for the sentence, and the court thereafter considers the objections of the parties before the actual sentencing. The court need not expressly describe its proposed sentence as 'tentative' so long as it demonstrates a willingness to consider such objections. If the court, after listening to the parties' objections, concludes that its proposed sentence is legally sound, it may simply state that it is imposing the sentence it has just described, without reiterating the particulars . . . ." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752, 1st bracketed insertion added, some italics omitted.)

That is what happened here. After defense counsel affirmed no cause existed not to impose judgment, the sentencing judge said, "I will tell you the Court's tentative decision, and then I can hear from the People, from any victims who wish to address the Court, and . . . from the Defense and Mr. Sarmiento, if he wishes to address the Court . . . , and then I will enter my final sentence." The court then did exactly that. Though Sarmiento now argues it was error to consider his prior convictions without certified records (see Pen. Code, § 1170, subd. (b)(3)), "[t]he lack of certified [records] of

5

[his prior] convictions presented at the sentencing hearing was a foundational, evidentiary issue [he] could have, and should have, raised in the trial court. [With] an objection, [it] could have been readily resolved." (*People v. Hall* (2023) 97 Cal.App.5th 1084, 1101–1102, italics omitted, disapproved on other grounds in *People v. Lynch* (2024) 16 Cal.5th 730, 768–769; see *People v. Scott, supra*, 9 Cal.4th at p. 353 ["defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention"].) "At no time during the sentencing hearing did [he] object on the grounds he now raises. Accordingly, the [claim is] forfeited on appeal." (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

Nonetheless, Sarmiento argues forfeiture does not apply because the sentence on count III is legally unauthorized. Not so. "[T]he 'unauthorized sentence' concept [is] a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. . . . [¶] . . . [A] sentence is generally 'unauthorized' [when] it [cannot] lawfully be imposed *under any circumstance* in the particular case" (*People v. Scott, supra*, 9 Cal.4th at p. 354, italics added), "for example, a sentence *in excess of* the statutory maximum" (*People v. Anderson* (2020) 9 Cal.5th 946, 962, italics added). The middle term sentence the court imposed here is not one such. (See *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043–1044 [unauthorized sentence exception inapplicable to *upper* term sentence; "the upper term is not a sentence that '[cannot] lawfully be imposed under any circumstance' "].)

## II. *The trial court's imposition of the presumptive middle term was not error.*

Addressing Sarmiento's appeal on the merits despite its forfeiture (see p. 4, *ante*), we independently interpret the statute at issue. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' "When we interpret a statute, '[o]ur

6

fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning. . . .  If the language is clear, [we] must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, [we] may consider other aids, such as the statute's purpose, legislative history, and public policy.'  [Citation.]  'Furthermore, we consider portions of the statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.' " " ' " (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990, 2d & 3d bracketed insertions added.)

The plain language and statutory context of Penal Code section 1170, subdivision (b) are clear the Legislature did not intend to impose evidentiary or proof requirements or restrictions on the imposition of a middle term sentence.  (Compare Pen. Code, § 1170, subd. (b)(1) with Pen. Code, § 1170, subds. (b)(2), (b)(6).)  In imposing a middle term sentence, all that section 1170 requires is that the court apply the Judicial Council's sentencing rules and that the court state the facts and reasons for imposing the middle term on the record at the time of sentencing.  (Pen. Code, § 1170, subds. (a)(3), (b)(5), (c); see Cal. Rules of Court, rule 4.401 et seq. [felony sentencing rules].)  Because the statute is clear, we need not resort to other aids to interpret it.

In 2021 the Legislature amended the determinate sentencing law (Pen. Code, § 1170, subd. (b)(1), amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022) "by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038; see Sen. Rules Com., Off. of Sen. Floor

Analyses, Analysis of Sen. Bill No. 567 (2021–2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4 ["creates a presumption of sentencing judgement not to exceed the middle terms"].)  So it remained at Sarmiento's sentencing in March 2023, and so it remains today.  (See Stats. 2022, ch. 744, § 1, eff. Jan. 1, 2023; Stats. 2023, ch. 560, § 2.5, eff. Jan. 1, 2024.)

To begin, the statute directs, "When a judgment of imprisonment is to be imposed and the statute [that sets the punishment] specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  (Pen. Code, § 1170, subd. (b)(1); see Pen. Code, § 287, subd. (i) [oral copulation of an intoxicated person; three, six, or eight years].)  Paragraph (2) permits, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . ."  (Pen. Code, § 1170, subd. (b)(2); see Pen. Code, § 1170, subd. (b)(3) ["the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].)  Though not mentioned in paragraph (1), paragraph (6) excepts, "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of [three specified circumstances] was a contributing factor in the commission of the offense . . . ."  (Pen. Code, § 1170, subd. (b)(6).)

This statutory language contains no ambiguity. Whereas Penal Code section 1170, subdivisions (b)(2) and (b)(6) expressly delimit the evidence and proof for when the court must, can, or cannot choose the upper or lower term, subdivision (b)(1) is devoid of any such delimitations for the middle term. This omission from subdivision (b)(1) is pertinent. " ' "[W]hen the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded." ' " (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1118.) Reading Penal Code section 1170, subdivision (b), paragraphs (1), (2), and (6) together, we conclude all the Legislature intended to require of the court in choosing the middle term is what it requires for any determinate sentence: "In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council." (Pen. Code, § 1170, subd. (a)(3).) And: "The court shall set forth on the record the facts and reasons for choosing the sentence imposed" "at the time of sentencing." (Pen. Code, § 1170, subds. (b)(5), (c).)

Against that backdrop Sarmiento argues, "Imposition of the midterm was error[;] the court could not properly rely on the increasing seriousness of [his] prior convictions [which the court described as "aggravating"] without either stipulation or adequate proof of those prior convictions . . . ." "Given there were no aggravating factors established under section 1170, subdivision (b), and the court affirmatively found [the victim willingly consumed the alcohol that caused her intoxication, which the court described as "mitigating"], the low term should have been imposed." The People counter, "The plain language of section 1170 only requires that any aggravating factors be admitted or proven to a jury—or proven to a judge with certified prior convictions—when the factors are relied upon by a judge

9

in sentencing the defendant to an upper term sentence," and we agree. (See *People v. Lynch, supra*, 16 Cal.5th at pp. 742–743, 748 & fns. 5–6, 755, 757.)

As to Sarmiento's urging the lower term, though the statute establishes a rebuttable presumption that the court impose the lower term if any of three specified circumstances was a contributing factor in the commission of the offense (Pen. Code, § 1170, subd. (b)(6); *People v. Flores, supra*, 73 Cal.App.5th at p. 1038; *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 986–987; accord, *People v. Salazar* (2023) 15 Cal.5th 416, 419), Sarmiento does not argue the applicability of any of those circumstances or that the court failed to consider evidence of them. (See *People v. Fredrickson*, at pp. 988–989, 991–992.) He is correct "[Penal Code] section 1170, subdivision (b)(7) empowers courts to impose the low term 'even if there is no evidence of those circumstances' "; however, it does not require them to do so. (Pen. Code, § 1170, subd. (b)(7) ["does not preclude"].) We reject his assertion "this does not foreclose . . . argument that the low term is otherwise mandated [when] there are factors found in mitigation and no properly found factors in aggravation." " 'It is our task to construe, not to amend, the statute. "In the construction of a statute . . . , [we do not] insert what has been omitted or omit what has been inserted . . . ." [Citation.] We may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used.' " (*People v. Leal* (2004) 33 Cal.4th 999, 1008.)

All that was required of the court in selecting the middle term was "[to] set forth on the record the facts and reasons for choosing the sentence imposed" "at the time of sentencing," which the court did here. (Pen. Code, § 1170, subds. (b)(5), (c).) Then, we review the trial court's discretionary sentence choice not to impose the lower term, under section 1170, subdivision

10

(b)(7), for abuse of discretion. (*People v. Salazar, supra*, 15 Cal.5th at p. 428, fn. 8.) We find no abuse of discretion. The trial court's decision to impose the presumptive middle term did not fall outside the bounds of reason under the applicable law and the relevant facts. (*People v. Williams, supra*, 17 Cal.4th at p. 162.) "[T]he trial court indicated at the sentencing hearing that it had expressly weighed [what it described as] the aggravating and mitigating circumstances, and that, as a result, it had decided to impose [the presumptive] middle-term sentence. Under those circumstances, [Sarmiento] has failed to establish [error]." (*People v. Caparrotta* (2024) 103 Cal.App.5th 874, 906.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.


A167817/*People v. Jorge Sarmiento-Zuniga*

11

A167817/People v. Jorge Sarmiento-Zuniga

| | |
|---|---|
| Trial Court: | Superior Court of the City and County of San Francisco |
| Trial Judge: | Rita Lin |
| Counsel: | Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant. |
| | Rob Bonta, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Eric D. Share and Charlotte Woodfork, Deputy Attorneys General, for Plaintiff and Respondent. |